UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**OTTO LEE FOUNTAIN, JR.,**                Case No. 15-cv-1336-pp

        Plaintiff,

v.

**EDWARD WALL,**

        Defendant.

---

**DECISION AND ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 7), AND GIVING PLAINTIFF A DEADLINE BY WHICH TO FILE AN AMENDED COMPLAINT OR HAVE HIS CASE DISMISSED**

---

The plaintiff, a state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983, alleging that several defendants (one named and several unnamed) were negligent in failing to post a sign in the fitness center identifying a defective exercise bike. Dkt. No. 1. The plaintiff paid the filing fee in full on November 30, 2015. He then filed an amended complaint on December 10, 2015, naming only one defendant. Dkt. No. 7. This order screens the plaintiff's amended complaint.

    **I.**    **SCREENING OF THE PLAINTIFF'S AMENDED COMPLAINT**

        A.    <u>Standard for Screening Complaints</u>

The Prison Litigation Reform Act ("PLRA") applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. Even when the plaintiff pays the filing fee in full, the PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Iqbal, 556 U.S. at 679. First, the Court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id.

2

The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    B.    Facts Alleged in the Amended Complaint

On July 29, the plaintiff went to the Winnebago Correctional Facility fitness center to ride an exercise bike. Dkt. No. 7 at 2. While attempting to ride the bike, the roller chain used to peddle the bike came off of its sprocket. Id. The plaintiff attempted to place the chain back on the back crank, but alleges that the front crank continued to spin, which caused the chain to "[catch] the front crank and [take his] hand with it." Id. The plaintiff lost "half of [his] ring finger on the right hand, [and] then part of [his] pinky finger." Id. at 3.

The plaintiff alleges that at the time this occurred, he was attending college for "Micro Computers," and was planning to pursue a career in that field. Id. He indicates that he has had numerous surgeries, but that the injury ruined the nerves in his hand. Id. The plaintiff alleges that the defendants were negligent because they did not post a sign in the fitness center stating that the bike was faulty. Id. He asserts that the institution failed to provide a "safe environment" for him to exercise. Id.

For relief, the plaintiff seeks: (1) money judgment "in an amount to be proven at trial," (2) pre-judgment and post-judgment interest, (3) costs, including attorney's fees, and (4) any other relief that is just and proper. Dkt. No. 7 at 4.

3

Case 2:15-cv-01336-PP    Filed 03/23/16    Page 3 of 5    Document 8

C. <u>Legal Analysis of Alleged Facts</u>

Federal courts are courts of limited jurisdiction. <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). They have original jurisdiction where the controversy exists between citizens of different states, or where the controversy implicates a federal question. 28 U.S.C. §§1331-1332(a)(1). The plaintiff's allegations do not fall into either category; negligence is a common law cause of action under state law, and the defendants are not diverse. <u>See</u> <u>Hayes v. Cordio</u>, No. 02-C-0538-C, 2002 WL 32344949, at *1 (W.D. Wis. Oct. 16, 2002).

In order for the plaintiff to bring a claim in federal court, he must allege facts that demonstrate that the defendant[1] either violated a federal statute, or that the defendant violated his rights under some provision of the United States Constitution. Incarcerated inmates have certain Constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments, among others. The plaintiff's complaint, however does not allege any violations of federal statutes or of any provisions of the federal Constitution. If the plaintiff believes

---

[1] The court notes that in the original complaint filed on November 9, 2015, the plaintiff named as defendants the Wisconsin Department of Corrections, Edward Wall (who was, until recently, Secretary of the Wisconsin Department of Corrections), and "Winnebago Correctional Staff, Medical Staff." Dkt. No. 1 at 1-2. In the caption of the amended complaint, however, the plaintiff refers to plural defendants as "Wall et al." Dkt. No. 7 at 1. The only defendant he lists by name in the amended complaint, however, is "Wall." <u>Id.</u> at 2. The amended complaint takes the place of the original complaint; thus, as the case stands now, the plaintiff has sued only one defendant—Mr. Wall. Mr. Wall is no longer Secretary, and even if he were, the complaint does not state any facts that show that Mr. Wall was personally involved in the plaintiff's injury. If the plaintiff chooses to file an amended complaint, he should name as defendants the individuals he believes were directly involved in the events that caused the injury to his hand.

4

that any individuals at the Winnebago facility violated federal statutes or the federal Constitution, he must file an amended complaint, telling the court which statutes or Constitutional provisions he believes were violated. He must also name as defendants the particular individuals whom he believes violated those rights.

The court will allow the plaintiff the opportunity to amend his complaint by a date certain. If the plaintiff files an amended complaint by that date, and includes in the complaint allegations that any named defendants violated federal statutes or the federal Constitution, the court will screen that amended complaint. If the plaintiff does not file an amended complaint by the deadline below, the court will dismiss the lawsuit without further notice or hearing.

## II. CONCLUSION

The court **ORDERS** that if the plaintiff wishes, and is able to, file an amended complaint, he must do so in time for the clerk's office to receive it by **June 13, 2016**. If the court receives the amended complaint by that date, the court will screen it. If the court does not receive an amended complaint by that date, the court will dismiss this lawsuit without further notice or hearing.

Dated in Milwaukee, Wisconsin this 23rd day of March, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge